Filed 4/25/16  Shebairo v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAYMOND SHEBAIRO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>VICTOR PEREZ et al.,<br><br>Defendants and Respondents. | F071193<br><br>(Super. Ct. No. VCU252231)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  James T. LaPorte, Judge.  (Judge of the Kings Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.)

Law Offices of Douglas L. Hurt and Douglas L. Hurt for Plaintiff and Appellant.

McNamara, Ney, Beatty, Slattery, Borges & Ambacher, Thomas G. Beatty and Lisa R. Roberts for Defendants and Respondents.

-ooOoo-

This is an appeal from a judgment of the Superior Court of Tulare County entered on an order granting a motion for summary judgment in favor of defendants and respondents Victor Perez and Norma Castellanos-Perez.[1]  Plaintiff and appellant Raymond Shebairo contends the court should have denied this motion.  For the reasons set forth below, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY[2]

Respondents owned a townhouse located at 4935 West Westgate Court in Visalia.  They rented the property to their daughter Victoria Perez.  Respondents were aware Victoria owned and kept two dogs:  a pit bull named Monster and a mutt named Cookie.

On November 27, 2012, appellant was walking his dog on South Crenshaw Street when he was mauled by Monster and/or Cookie.  Officer Leah Klascius arrived on the scene and spotted a broken wire mesh board beneath 4935 West Westgate Court's front gate.  Klascius observed one of Victoria's dogs entering the opening and the other poking its head through the opening from behind the gate.  Both displayed blood stains on their faces.  Thereafter, appellant filed a lawsuit against respondents, inter alios, alleging they were liable as the landlords.

Respondents and Victoria were deposed.  Each testified a dog belonging to the neighbors, the Camarenases, had previously burrowed into 4935 West Westgate Court's backyard and fought Monster, resulting in injuries to both dogs.  Neither respondents, Victoria, nor the Camarenases witnessed the actual skirmish.  In particular, appellant's attorney Douglas Hurt elicited the following testimony from Victoria:

---

[1]     To avoid confusion, we identify individuals who share the same surname by their first names.  No disrespect is intended.

[2]     The facts are based on the parties' separate statements of undisputed facts.  (See Code Civ. Proc., § 437c, subd. (b)(1); see also *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 641 [" ' "[*A*]*ll* material facts must be set forth in the separate statement.  'This is the Golden Rule of Summary Adjudication:  if it is not set forth in the separate statement, *it does not exist*.' " ' "].)

"[HURT:] Tell me about that incident.

"[VICTORIA:] The animal had burrowed his way into my yard, and so my dog had attacked it, I guess. I don't know what happened to be honest with you. I just came outside and found my dog and found the [Camarenases'] dog. [¶] . . . [¶]

"[HURT:] Could you tell who bit whom?

"[VICTORIA:] No. I know that my animal had his ear shredded, and the other dog I couldn't really see the injuries . . . , but I know that it was injured. [¶] . . . [¶]

"[HURT:] Okay. When you went out in the backyard, did you see the dogs actually fighting still?

"[VICTORIA:] No. [¶] . . . [¶]

"[HURT:] . . . We'll give Monster the benefit of the doubt there. I guess if Monster were a human being, he could have shot the [other] dog because he was defending his property. . . ." (Boldface omitted.)

As a result of the dogfight, sometime between March 2011 and March 2012, respondents had their son Alejandro Perez install a wire mesh barrier under segments of the fence adjoining the Camarenases' residence. Alejandro also mounted a wire mesh board beneath the front gate, which Victor assumed was an extra precautionary measure.

In addition, Victor testified Monster had left the backyard once before. On that occasion, animal control retrieved the dog without difficulty. Thereafter, Victor inspected the property and did not find any excavated holes or broken fence posts. He concluded a meter reader failed to close and/or latch the gate. Respondents and Victoria maintained they never observed or heard about either Monster or Cookie acting aggressively toward humans before the November 27, 2012, incident.

Respondents filed a motion for summary judgment, arguing they owed no duty to appellant because they had no actual knowledge of Monster's and Cookie's dangerous propensities. Appellant asserted otherwise in his opposition. The superior court granted

the motion, finding no triable issue as to whether respondents had actual knowledge of the dogs' dangerous propensities.

## DISCUSSION

### I. Overview of the summary judgment remedy.

Summary judgment "provide[s] courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*); see *Lee v. Marchetti* (1970) 4 Cal.App.3d 97, 99 [" 'The salient philosophy behind this procedural device is to provide a method for the prompt disposition of actions and proceedings which have *no merit* and in which there is no triable material issue of fact . . . .' "].) A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)[3] "In determining whether the papers show that there is no triable issue as to any material fact[,] the court shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence, except summary judgment may not be granted by the court based on inferences reasonably deducible from the evidence if contradicted by other inferences or evidence that raise a triable issue as to any material fact." (*Ibid.*)

A defendant seeking summary judgment bears the initial burden to produce evidence demonstrating either one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at pp. 849-850, 854-855.) If the motion is made against a plaintiff who would bear the burden of proof by a preponderance of evidence at trial, the

---

**3** Subsequent statutory citations refer to the Code of Civil Procedure.

defendant "must present evidence that would require a reasonable trier of fact not to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact." (*Aguilar*, *supra*, at p. 851, italics & fn. omitted.)  If the defendant makes a prima facie showing, then the burden of production "shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(2); accord, *Aguilar*, *supra*, at p. 849.)  "The plaintiff . . . shall not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(2); accord, *Aguilar*, *supra*, at p. 849.)  "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion[4] that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar*, *supra*, 25 Cal.4th at p. 850, fn. omitted.)

## II.    Standard of review.

"[A]s the reviewing court, we determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law." (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.)  "In other words, we must assume the role of the trial court and reassess the merits of the motion." (*Ibid.*)  "In doing so, we will consider only the facts properly before the trial court at the time it ruled on the motion." (*Ibid.*)  "We apply the same three-step analysis required of the trial court. First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond.  Second, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in the

---

**4**    Whereas a burden of production entails only the presentation of evidence, a burden of persuasion entails the establishment of a requisite degree of belief by way of such evidence.  (*Aguilar*, *supra*, 25 Cal.4th at p. 850.)

5.

moving party's favor.  When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable issue of material fact."  (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493-494.)  "In so doing, we liberally construe the opposing party's evidence, strictly construe the moving party's evidence, and resolve all doubts in favor of the opposing party."  (*Id.* at p. 494.)

### III.  Analysis.

"Under California law, a landlord who does not have actual knowledge of a tenant's dog's vicious nature cannot be held liable when the dog attacks a third person. In other words, where a third person is bitten or attacked by a tenant's dog, the landlord's duty of reasonable care to the injured third person depends on whether the dog's vicious behavior was reasonably foreseeable.  Without knowledge of a dog's propensities[,] a landlord will not be able to foresee the animal poses a danger and thus will not have a duty to take measures to prevent the attack."  (*Donchin v. Guerrero* (1995) 34 Cal.App.4th 1832, 1838; see *Uccello v. Laudenslayer* (1975) 44 Cal.App.3d 504, 514 (*Uccello*), italics & fn. omitted ["Because the harboring of pets is such an important part of our way of life and because the exclusive possession of rented premises normally is vested in the tenant, we believe that actual knowledge and not mere constructive knowledge is required."].)  Actual knowledge may be shown "not only by direct evidence, but also by circumstantial evidence."  (*Uccello*, *supra*, 44 Cal.App.3d at p. 514, fn. 4.)  "However, actual knowledge can be inferred from the circumstances only if, in the light of the evidence, such inference is not based on speculation or conjecture.  Only where the circumstances are such that the defendant 'must have known' and not 'should have known' will an inference of actual knowledge be permitted."  (*Ibid.*)

Respondents concede (1) they were the residential landlords of 4935 West Westgate Court; (2) they rented the property to their daughter Victoria; (3) they knew

Victoria owned two dogs, Monster and Cookie, and kept them on-site; (4) they were well-acquainted with Monster and Cookie; (5) one time prior to the November 27, 2012, incident, Monster and the Camarenases' dog fought; (6) as a result of the dogfight, their son Alejandro installed a wire mesh barrier under segments of the backyard fence adjoining the Camarenases' residence as well as a wire mesh board beneath the front gate; (7) one time prior to the November 27, 2012, incident, Monster left the backyard; and (8) on November 27, 2012, Monster and Cookie escaped from the backyard by going through a breach in the wire mesh board under the front gate. Nonetheless, respondents contend they are entitled to summary judgment as a matter of law because they had no actual knowledge of Monster's and Cookie's vicious natures prior to the November 27, 2012, incident.

As noted, the party moving for summary judgment bears the initial burden to produce evidence demonstrating an element of a cause of action cannot be established. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at pp. 849-850, 854-855.) Here, respondents testified they never saw or received complaints about either Monster or Cookie acting aggressively toward humans before the November 27, 2012, incident. Although Monster was previously involved in a scuffle with the Camarenases' dog, respondents and Victoria attested (1) the Camarenases' dog burrowed into 4935 West Westgate Court's backyard; (2) both the Camarenases' dog and Monster sustained injuries; and (3) no one watched the dogfight in real time, meaning no one saw which dog attacked first.[5] As for the time Monster left the backyard before the November 27, 2012, incident, Victor testified (1) the fence and the ground remained intact, indicating Monster did not use brute force or dig a hole to escape; and (2) animal control retrieved Monster without incident. That respondents *must* have known of Monster's as well as Cookie's

---

[5] Moreover, even assuming arguendo Monster instigated the dogfight, knowledge of a propensity to attack or fight with another dog does not necessarily equate to knowledge of a propensity to attack or fight humans. (See Rest.2d Torts, § 509, com. i, pp. 18-19.)

7.

dangerous propensities from these circumstances would be speculative at best. (See *Uccello*, *supra*, 44 Cal.App.3d at p. 514, fn. 4; see also *Giannini v. Southern Pacific Co.* (1929) 98 Cal.App. 126, 136 [inferences cannot be drawn contrary to uncontradicted testimony and based on imagination, speculation, or supposition].) We believe this evidence, standing alone, "would require a reasonable trier of fact not to find [the] underlying material fact [of respondents' actual knowledge of Monster's and Cookie's vicious natures] more likely than not . . . ." (*Aguilar*, *supra*, 25 Cal.4th at p. 851, italics & fn. omitted.)

Since respondents have satisfied their initial burden of production, we must now decide whether appellant has produced evidence showing a triable issue. Appellant argues respondents had actual knowledge of Monster's and Cookie's dangerous propensities because they (1) knew the dogs were living at 4935 West Westgate Court; (2) knew the dogs had attacked the Camarenases' dog; (3) knew the dogs had previously escaped; and (4) installed the mesh wire to prevent the dogs from attacking anyone or anything.[6] These assertions are either immaterial or unsubstantiated. First, knowledge of a dog's mere existence does not impute knowledge of its dangerous propensities. (See *Chee v. Amanda Goldt Property Management*, *supra*, 143 Cal.App.4th at p. 1370.) Second, there is no direct evidence Monster or Cookie attacked the Camarenases' dog and, based on the deposition testimony, such an inference cannot be drawn. At best, the evidence shows Monster fought the Camarenases' dog, the latter infiltrating the former's territory. Third, although Monster escaped from the backyard on one occasion, the evidence demonstrates the dog did not dig a hole or otherwise use brute force to leave the confines and, once outside, did not harm anyone. Finally, the evidence indicates the

---

[6] Appellant also invokes "common sense" with regard to pit bulls. To the extent he suggests an inference of actual knowledge can be made based upon a dog's breed, we disagree. (See *Chee v. Amanda Goldt Property Management* (2006) 143 Cal.App.4th 1360, 1371-1372; *Lundy v. California Realty* (1985) 170 Cal.App.3d 813, 821-822.)

8.

mesh wire barrier and mesh wire board were installed to prevent the Camarenases' dog from burrowing into 4935 West Westgate Court's backyard again.

We conclude appellant has failed to establish a triable issue as to whether respondents had actual knowledge of Monster's and Cookie's dangerous propensities. Accordingly, we find the superior court properly granted summary judgment.

## DISPOSITION

The judgment of the superior court is affirmed. Costs on appeal are awarded to respondents.

_____
DETJEN, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
FRANSON, J.

9.